# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LANIS E. SOLOMON, JR.,

               Plaintiff,

v.

MILWAUKEE COUNTY SHERIFF OFFICE,

               Defendant.

Case No. 19-CV-173-JPS

**ORDER**

      Plaintiff Lanis E. Solomon, Jr. proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff's initial partial filing fee was waived in this action, and Plaintiff has not notified the Court of his desire to voluntarily dismiss the case. The Court will therefore proceed with screening the action.[1]

      The Court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

---

[1] Plaintiff has filed a motion for appointment of counsel, (Docket #6), which must be denied at this juncture. The Court will entertain such motions at the close of discovery, which will be set in a forthcoming scheduling order.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that while he was incarcerated in the Milwaukee Criminal Justice Facility ("MCJF") he was accused of tampering with a smoke detector and placed in restraints. (Docket #1 at 2). He was then confined in a cell for nine hours, during which time he was denied supper. *Id.* He had a seizure while confined and defecated on himself. *Id.* at 3. He complained about the seizures to MCJF staff. *Id.* Upon release from the cell, he was covered in feces and had to take a shower. *Id.* He explains that on one other occasion, he was restrained and confined for eleven hours. *Id.*

These allegations invoke Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[2] In particular, prisoners have a right to certain necessities of life such as "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They are also entitled to "sanitation[] and hygienic materials." *Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503 (7th Cir. 2016). Whether a particular deprivation violates the Eighth Amendment depends in large measure on its duration. *Id.* at 504. Though the Court will allow Plaintiff to proceed on this claim, Defendant is free to argue that the deprivation was not long enough to become one of constitutional magnitude.

Additionally, Defendant, the Milwaukee County Sheriff's Office, may not be the correct defendant in this matter. Only those officials who are directly responsible for a constitutional violation may be sued under Section 1983. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). However, Plaintiff's allegations are not clear as to who should ultimately be held responsible for the issues. He names "C.O. Sobek" and "C.O. Dragoo" who ordered him into restraints, and "C.O. Kentrell" and "C.O. Spidell" who actually placed him in the restraints. (Docket #1 at 2). "C.O. Stevens" refused him supper. *Id.* "C.O. Briggs" refused to free him from his restraints. *Id.* at 3. Thus, the Court will serve Defendant with the complaint,

---

[2]It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018).

and it may move to have different defendants substituted into the case if that is appropriate.³ Finally, the Court notes that Plaintiff requests compensatory damages for loss and injury, and punitive damages to punish and deter. *Id.* at 4. Monetary damages are acceptable in a Section 1983 lawsuit.

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): cruel and unusual punishment, in violation of the Eighth Amendment, for being restrained and confined without food while he suffered a seizure.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this Order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant;

---

³Plaintiff seeks damages from "C.O. Dittburnner," "C.O. Dobson," and "Ms. Shalloh from Armor Correctional Health Services for lack of advocacy," but he has not made any allegations against these parties in the complaint, so the Court will not consider them as potential defendants. Plaintiff is free to move to amend his complaint to include allegations against these parties if he sees fit. Moreover, although Plaintiff mentions "C.O. Amaya," "C.O. McBroom," and "C.O. Erickson," none of these officers are alleged to have done anything wrong. (It should be noted that Plaintiff believes he was unfairly accused of tampering with a smoke detector; however, this is not grounds for a constitutional complaint).

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, Defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge